# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RAMONA DENISE WILHOITE, individually and on behalf of other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MISSOURI DEPARTMENT OF SOCIAL SERVICES, by and through its director, Robert J. Levy, <br><br> Defendant. | Case No. 2:10-CV-03026-NKL |

## ORDER

Before the Court is the Motion to Certify Class [Doc. # 30] filed by Plaintiff Ramona Wilhoite as putative class representative. For the following reasons, the Court grants the motion.

**I.      Background**

Plaintiff Wilhoite brings this action against Defendant Missouri Department of Social Services ("Missouri DSS"). Wilhoite brought an underlying suit in 2009 against the Dallas County, Missouri Sheriff and other members of the Dallas County Sheriff's Department. Wilhoite alleged that those defendants had refused to provide her with necessary medical treatment for her internal bleeding during her incarceration at the Dallas County Jail. Eventually she was taken to the local hospital, where she received medical care. Plaintiff's medical expenses, which totaled $4,021.44, were paid by Medicaid.

Plaintiff Wilhoite settled that underlying suit for $20,000.00. She now alleges that the settlement did not include reimbursement for any of her medical care or treatment. Once a tentative settlement agreement was in place, Plaintiff contacted Defendant Missouri DSS to determine whether it claimed any interest in her settlement proceeds. Plaintiff received notification on January 7, 2010, that Missouri DSS claimed "a lien upon any funds to be paid as a result of any settlement or judgment obtained . . . ." [Doc. # 31, Ex. 1.] The "Lien Amount" was initially indicated as $4,411.29, and then as $4,021.44 in a January 21, 2010 letter. [Doc. # 31, Exs. 1, 2.] Due to the lien claimed by Defendant, Plaintiff's $4,021.44 has been kept in a trust account pending resolution of this litigation.

In the present suit, Plaintiff Wilhoite asserts three counts against Defendant Missouri DSS. In Count I, Plaintiff seeks injunctive relief and damages under 42 U.S.C. § 1983, alleging violations of rights secured by 42 U.S.C. § 1396p(a)(1) and by the Fifth and Fourteenth Amendments to the U.S. Constitution. In Count II, Plaintiff seeks disgorgement of all amounts collected in violation of section 1396p(a)(1) and a permanent injunction under an unjust enrichment theory. Finally, in Count III, Plaintiff seeks damages for breach of contract for Defendant's alleged violation of section 1396p(a)(1).

Section 1396p(a)(1) of the Social Security subchapter on "Grants to States for Medical Assistance Programs" provides:

> No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan, except--
>> (A) pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual, or

> (B) in the case of the real property of an individual--
> (i) who is an inpatient in a nursing facility, intermediate care facility for the mentally retarded, or other medical institution . . . . .

42 U.S.C. § 1396p(a)(1).

Plaintiff now moves for class certification for the following class:

> Missouri citizens who have received Medicaid and who had liens asserted and/or monies taken by Defendant out of their third party civil settlements or judgments from January 21, 2000 to present, where said settlements or judgments were unrelated to medical care and services, or where the liens asserted and or monies taken by the Defendants were in excess of the amount of said settlement or judgment related to medical care and services, in violation of 42 U.S.C. § 1396p(a)(1).

[Doc. # 31 at 3.]

## II. Discussion

A motion for class certification involves a two part analysis. First, the movant must demonstrate that the proposed class satisfies the requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Second, Plaintiff must demonstrate that the proposed class fits into one of the three categories identified in Rule 23(b).

Plaintiff bears the burden of showing that the Rule 23 requirements are met and that the class should be certified. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). To determine whether class certification is appropriate, the Court must conduct a limited

preliminary inquiry, looking behind the pleadings. *Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005) (citing *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)). "In conducting this preliminary inquiry, however, the Court must look only so far as to determine whether, given the factual setting of the case, if the plaintiffs['] general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Id.* at 566. In considering class certification motions, the Court liberally construes Rule 23(a) and does not resolve the merits of the dispute. *See Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003); *In re Control Data Corp. Sec. Litigation*, 116 F.R.D. 216, 219 (D. Minn. 1986) *rev'd on other grounds*, *In re Control Data Corp. Sec. Litigation*, 933 F.2d 616 (8th Cir. 1991).

### A. Federal Rule of Civil Procedure 23(a)

#### 1. Numerosity

To address the numerosity requirement, the Court should examine the number of persons in a proposed class, the nature of the action, the size of the individual claims and the inconvenience of trying individual claims, as well as other factors. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982).

Plaintiff's proposed class is:

> Missouri citizens who have received Medicaid and who had liens asserted and/or monies taken by Defendant out of their third party civil settlements or judgments from January 21, 2000 to present, where said settlements or judgments were unrelated to medical care and services, or where the liens asserted and or monies taken by the Defendants were in excess of the amount of said settlement or judgment related to medical care and services, in violation of 42 U.S.C. § 1396p(a)(1).

[Doc. # 31 at 3.] Defendant Missouri DSS appears to concede that it has over 40,000 case files that could fall within this definition. Trying each of these cases individually would be highly inconvenient. Therefore, the numerosity requirement of Rule 23(a) is satisfied. *See Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999) (certifying a class of between 20 and 65).

### 2. **Commonality**

The commonality requirement of Rule 23(a)(2) is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Paxton*, 688 F.2d at 561 (citation omitted). To determine whether common questions of law or fact predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings. *Blades*, 400 F.3d at 567. In *Blades*, the Eighth Circuit authorized district judges to inquire into the merits when a factual dispute necessary for deciding class certification overlaps with the merits, but only insofar as necessary to "determine the nature of the evidence that would be sufficient, if the plaintiff's general allegations are true, to make out a prima facie case for the class." *Id*.

In *Arkansas Dep't of Health & Human Resources v. Ahlborn*, the U.S. Supreme Court held that the anti-lien prohibition in section 1396p(a) "precludes attachment or encumbrance of the remainder of the settlement" beyond those proceeds designated as payments for medical care. 547 U.S. 268, 284 (2006). Therefore, the crux of this lawsuit is Defendant's attachment or encumbrance of potential plaintiffs' settlement funds beyond those proceeds

5

designated as payments for medical care. Each of Plaintiff's three counts depend on the finding of such a violation.

Because the central legal issue of this suit is common to all potential plaintiffs, the commonality requirement of Rule 23(a) is satisfied. The distinctions between class members pointed to by Defendant pale in comparison with the commonality of this lawsuit's core issue under *Ahlborn*.

### 3. Typicality

The third requirement of Rule 23(a)(3) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). Typicality means that there are "other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The burden is "easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (plaintiffs satisfied the typicality requirement even though they carried different mortgage instruments; important inquiry surrounded mortgage servicer's over-escrowing of funds).

Defendant Missouri DSS argues throughout its brief that Plaintiff Wilhoite is not typical of the proposed class because she has not yet paid the amount asserted in the lien notice. In fact, Defendant argues that the letters notifying Plaintiff that it claimed "a lien upon any funds to be paid as a result of any settlement or judgment obtained" did not constitute a lien at all. [Doc. # 31, Ex. 1.] However, those letters notified Plaintiff of a "Lien Amount" of over $4,000 in connection with her settlement. [Doc. # 31, Exs. 1, 2.] Having

received such notification, Plaintiff's attorney's were forced to keep $4,021.44 in a trust account pending resolution of this litigation. Therefore, Plaintiff at least has a colorable claim that a lien was asserted against her settlement proceeds.

Plaintiff's claims – all involving section 1396p(a) – are typical of the proposed class of Missouri Medicaid recipients who had liens asserted or monies taken by Defendant out of their settlements or judgments. Again, the central issue under *Ahlborn* is whether Missouri DSS has attached or encumbered a potential plaintiffs' proceeds beyond those designated as payments for medical care. Plaintiff has met her burden of establishing that other potential members of the class have the same or similar grievances as the named Plaintiff with respect to these claims based on section 1396p(a).

### 4. Adequacy

The final requirement of Rule 23(a) is that the class representative and class counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a) (4). The purpose of the adequacy requirement is to ensure that there are no potential "conflicts of interest between the named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Defendant's argument that the adequacy requirement has not been met is limited to the following paragraph in its brief:

> Plaintiff is not a proper class representative. Her situation is neither typical, nor common, to any identified person or group. Her inability to correctly state the facts as to her own situation should also weigh against her as an adequate class representative.

[Doc. # 42 at 10.]  What Defendant describes as factual incongruities between Plaintiff's Complaint and her brief in support of the Motion to Certify appear to be either mere factual distinctions between Plaintiff and potential class members or, at worst, imprecise drafting of the Complaint.

Defendant fails to rebut Plaintiff's representations regarding the adequacy of the class representative and class counsel.  [Doc. # 31 at 9.]  As discussed above, the crux of Plaintiff Wilhoite's claims is that Defendant Missouri DSS violated section 1396p(a)(1).  Defendant has pointed to no divergence in Plaintiff's interests and those of the rest of the class.  Plaintiff and the members of the proposed class share the interest of obtaining a finding that Defendant violated section 1396p(a)(1).  Defendant's reference to its typicality and commonality arguments do not suffice to prove inadequacy.  Defendant has also failed to call into question the adequacy of Plaintiff's representation.  Therefore, Plaintiff has met her burden of establishing the adequacy requirement under Rule 23(a).

    **B.**    **Federal Rule of Civil Procedure 23(b)**

In addition to meeting the requirements of Rule 23(a), a case must also meet the requirements of one of the subsections of Rule 23(b) in order to proceed as a class action. Rule 23(b)(3) provides that a class should be certified if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Courts commonly

refer to these two requirements as "predominance" and "superiority." *See Pichler v. UNITE*, 228 F.R.D. 230 (E.D. Pa. 2005).

The predominance requirement of Rule 23(b)(3) "trains on the legal or factual questions that qualify each class member's case as a genuine controversy." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id*.

Looking at the issues of fact and law presented by Plaintiffs' and the putative class members' claims reveals that they have much in common. The crux of this lawsuit is Defendant's attachment or encumbrance of potential plaintiffs' settlement funds beyond those proceeds designated as payments for medical care. Each of Plaintiff's three counts depend on the finding of such a violation under section 1396p(a)(1). The fact that Plaintiff's settlement funds are still in a trust account is a de minimus difference between her and the members of the putative class. Plaintiff and the members of the proposed class share the same interest in this lawsuit: obtaining a finding that Defendant violated section 1396p(a)(1).

Meanwhile, Defendant Missouri DSS does not contest the superiority of the class action device under these circumstances. If all potential class members filed separately, there would be thousands of individual actions each relying on identical conduct by Missouri DSS, with many of them asserting relatively small claims. Given the large number of potential plaintiffs and the commonality of their claims, certifying the class will allow a more efficient adjudication of the controversy than would individual adjudications.

For the reasons stated above, this class action is certified under Rule 23(b)(3). Therefore, there is no need for the Court to address the parties' arguments under Rule 23(b)(1) or Rule 23(b)(2).

### III. Conclusion

Accordingly, it is hereby ORDERED that the Motion to Certify Class [Doc. # 30] filed by Plaintiff Ramona Wilhoite as putative class representative is GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: February 7, 2011
Jefferson City, Missouri