# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RAMONA DENISE WILHOITE, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:10-CV-03026-NKL |
| v. | ) ) ) |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, by and through its director, Robert J. Levy, | ) ) ) |
| Defendant. | |

## ORDER

Before the Court is the Motion to Amend Complaint [Doc. # 58] filed by Plaintiff Ramona Denise Wilhoite. For the following reasons, the Court grants the motion.

**I. Background**

On January 21, 2010, Plaintiff Wilhoite filed this suit against Defendant Missouri Department of Social Services ("DSS"), by and through its director, Ronald J. Levy. The original Complaint alleged: "Despite Plaintiff's and class members' receiving recovery for damages in addition to reimbursement for medical expenses, Defendant has attached liens and received recovery payments out of Plaintiff's and class members' gross settlements/judgments." [Doc. # 1, ¶ 27.] Plaintiff alleged that such a practice violated federal law because Defendant "asserted liens and received recovery where medical costs were only a portion of Plaintiffs [sic] and class members' recovery." *Id.* at ¶ 31.

Section 1396p(a)(1) of the Social Security subchapter on "Grants to States for Medical Assistance Programs" provides:

> No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan . . . .

42 U.S.C. § 1396p(a)(1). In *Arkansas Department of Health and Human Services v. Ahlborn*, the U.S. Supreme Court held that Section 1396p(a)(1) precluded an Arkansas statute's lien on settlement proceeds for damages other than medical costs. 547 U.S. 268, 286 (2006).

Plaintiff Wilhoite's original Complaint asserted three counts against Defendant Missouri DSS. Count I was brought under 42 U.S.C. § 1983, alleging a violation of Section 1396p(a)(1) and the Fifth and Fourteenth Amendments. Count I prayed for injunctive relief, damages, and fees. Count II asserted an unjust enrichment claim, alleging that a benefit was conferred on Defendant, retention of which would be inequitable. Count II prayed for disgorgement of all amounts collected in violation of Section 1396p(a)(1), as well as injunctive relief. Count III asserted a breach of contract claim and prayed for damages.

On February 4, 2011, Defendant DSS filed its Motion for Summary Judgment [Doc. # 49]. On February 7, 2011, the Court granted Plaintiff's motion to certify the following class:

> Missouri citizens who have received Medicaid and who had liens asserted and/or monies taken by Defendant out of their third party civil settlements or judgments from January 21, 2000 to present, where said settlements or judgments were unrelated to medical care and services, or where the liens asserted and or monies taken by the Defendants were in excess of the amount

>  of said settlement or judgment related to medical care and services, in violation of 42 U.S.C. § 1396p(a)(1).

[Doc. # 51.] The Court noted that Plaintiff Wilhoite at least had a colorable claim that Missouri DSS had wrongfully asserted a lien against her settlement proceeds from an underlying suit.

At a March 3, 2011 teleconference, the Court extended discovery and granted Plaintiff leave to file this Motion to Amend the Complaint to join additional parties. On March 7, 2011, Plaintiff Wilhoite filed this Motion to Amend. Her proposed First Amended Complaint joins the following Defendants, in their individual capacities: Ronald J. Levy, Julie Creach, Ian McCaslin, Deborah E. Scott, Chris Reeter, Steven Renne, K. Gary Sherman, Christine Rackers, Q. Michael Ditmore, Michael Rehagen, Judy Muck, David Hart, Markus Cicka, and John and Jane Does 1-10. Between 2000 and the present, these individuals were directors of Missouri DSS, the Third Party Liability Unit, the MO HealthNet Division, or Missouri Medicaid.

Plaintiff Wilhoite states that her First Amended Complaint also seeks to clarify her claims. Plaintiff now makes the following factual allegations. First, because of the liens Defendants asserted pursuant to Mo. Rev. Stat. § 208.215.8, Defendants have received payments out of class members' settlement proceeds and judgments in excess of the amounts authorized by federal law. Plaintiff Wilhoite, however, has maintained the amount of Defendants' lien in her attorney's trust account to satisfy Defendants' lien. Second, Defendants wrongfully asserted liens and received recovery where medical costs were only

3

a portion of class members' recovery. With respect to Plaintiff Wilhoite, Defendants wrongfully asserted a lien on her settlement, which did not include any compensation for medical costs.

The First Amended Complaint contains seven counts. Count I asserts a Section 1983 claim against Defendants Levy, Creach, McCaslin, Scott, Reeter, and Does, in their individual capacities, alleging violations of Section 1396p(a)(1) and the Fifth and Fourteenth Amendments. Count I prays for damages and fees. Count II asserts a similar Section 1983 claim against all Defendants, but prays for injunctive relief as well as fees. Count III is a separate claim for fees under 42 U.S.C. § 1988 against all Defendants. Count IV is asserted against all Defendants under 28 U.S.C. § 2201 and seeks a declaration that (1) Mo. Rev. Stat. § 208.215.8 violates the U.S. Constitution; (2) Mo. Rev. Stat. § 208.215.8 violates 42 U.S.C. § 1396; (3) Defendants' lien procedures violate the U.S. Constitution; and (4) Defendants' lien procedures violate 42 U.S.C. § 1396. Count V separately asserts a Takings Clause violation against all Defendants, praying for just compensation. Count VI (improperly numbered) asserts an unjust enrichment claim against all Defendants, praying for disgorgement of all amounts collected in violation of Section 1396p(a)(1). Finally, Count VII (improperly numbered) asserts a breach of contract claim against Defendant Levy in his official capacity, alleging that Missouri DSS breached a contract with Plaintiff and class members by violating Section 1396p(a)(1), and praying for damages.

Most recently, at an April 14, 2011 teleconference, the Court struck the June 6, 2011 trial date and bifurcated the class action segment of the lawsuit from Plaintiff Wilhoite's

4

individual claim. The Court also ordered that no notice be distributed to the class before the Court ruled on the pending motions.

## II. Discussion

Defendant Missouri DSS makes two arguments why the Court should deny Plaintiff Wilhoite leave to amend her Complaint: (1) her proposed Amended Complaint would be futile because the Eleventh Amendment would bar recovery; and (2) she has failed to show good cause to amend.

### A. Whether the Amended Complaint would be Futile under the Eleventh Amendment

Defendant Missouri DSS argues that because Plaintiff Wilhoite's proposed allegations do not show that the individual Defendants' actions fell outside their official duties, they are insufficient to maintain more than an official capacity claim – which is barred by the Eleventh Amendment where a plaintiff seeks to recover damages.[1] To support its futility theory, Defendant cites *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 937 (8th Cir. 2001). However, *Gaudineer* was a False Claims Act case holding only that the district court did not err in denying a motion for leave to amend because the relator did not allege how the individual it sought to join violated state or federal law. *Id.* The Eighth Circuit explicitly stated:

---

[1] In support of its pending Motion for Summary Judgment, Defendant argues that Plaintiff Wilhoite is entitled to neither injunctive relief nor disgorgement. Because the Court finds that Plaintiff's claims against the individual officers in their individual capacities would not be futile, it need not address issues of equitable relief on this Motion to Amend.

> In light of this conclusion, we need not consider whether a state official sued in his individual capacity is a person under the FCA or whether the claims against [the individual officer] are barred by the Eleventh Amendment. We also need not reach the issue of whether the term "person" under the FCA should be construed as under § 1983 . . . .

*Id.* at 937 n.3.

Indeed, the Supreme Court has held that state officials sued in their individual capacities are "persons" within the meaning of Section 1983. *Hafer v. Melo*, 502 U.S. 21, 31 (1991). The unanimous *Hafer* Court also concluded:

> While the doctrine of *Ex parte Young* does not apply where a plaintiff seeks damages from the public treasury, damages awards against individual defendants in federal courts are a permissible remedy in some circumstances notwithstanding the fact that they hold public office. That is, the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983.

*Id.* at 30-31 (internal quotations and citations omitted). *Hafer* rejected the defendant's theory that she could not be sued for damages in her individual capacity under Section 1983 based upon actions taken in her official capacity. Justice O'Connor wrote that such a theory was inconsistent with Supreme Court caselaw because it would absolutely immunize state officials from personal liability for acts within the scope of their governmental authority. *Id.* at 28. Especially where a plaintiff asserts a Section 1983 claim to enforce a federal statute that lacks a comprehensive remedial scheme, barring recovery from state officials in their individual capacities would open the door to impunity from federal law.

The Eighth Circuit has reminded plaintiffs that it has "repeatedly stated that section 1983 litigants wishing to sue government agents in both capacities should simply use the

6

following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (citation omitted).

Defendant's Motion for Summary Judgment relies heavily on *Tristani v. Richman*, a similar case in which the plaintiffs sued state officials in their individual capacities for violations of Section 1396p(a)(1) and the U.S. Constitution. Yet the *Tristani* court concluded that

> the conventional application of Eleventh Amendment principles in this case compels the conclusion that the personal-capacity claims against [the state officials alleged to have collected portions of settlement awards not attributable to medical expenses] under the Takings Clause are not barred by the Eleventh Amendment.

609 F. Supp. 2d 423, 475-76 (W.D. Pa. 2009) (internal quotation omitted).

Finally, Defendant Missouri DSS argues that Plaintiff's First Amended Complaint fails to attribute any wrongful conduct to the individual state officials. *See Alden v. Maine*, 527 U.S. 706, 757 (1999) (money damages may be sought from state officer in individual capacity where wrongful conduct is "fairly attributable to the officer himself"). Plaintiff does allege that Chris Reeter knew that the *Ahlborn* decision "changed the law and that Defendants were prohibited from asserting liens if there is no medical recovery," and that Reeter and the other proposed Defendants made no attempt to comply with federal law. [Doc. # 58, Ex. 1, ¶ 63.] While Defendant argues that Plaintiff improperly references Reeter's testimony from a previous case, the lack of deposition testimony in the present case appears to be at least partially attributable to Defendant's requests to delay the depositions of its employees. [Doc. # 68 at 3.] Plaintiff's First Amended Complaint satisfies the notice

pleading standard of the Federal Rules. The merits of Plaintiff's claim must be addressed at a later stage of the litigation.

### B. Whether Plaintiff has Demonstrated Good Cause to Amend

Plaintiff Wilhoite invokes Rule 15(a), which states that the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Defendant Missouri DSS relies on Rule 16(b): "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The Eighth Circuit has explained that "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The primary measure of good cause is the movant's diligence in attempting to meet the relevant deadlines. *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *see also Sherman*, 532 F.3d at 717. A court may also deny a motion to amend based on undue prejudice to the opposing party. *Trim Fit, LLC v. Dickey*, 607 F.3d 528, 531 (8th Cir. 2010) (undue prejudice where discovery and evidence would have been different under proposed amended pleading).

Here, Defendant Missouri DSS argues that it would suffer undue prejudice because the First Amended Complaint is an attempt to prevent the granting of Defendant's pending summary judgment motion. However, the mere fact that Plaintiff, after amending her Complaint, may survive a motion for summary judgment does not constitute undue prejudice to Defendant. Unlike in *Trim Fit*, Plaintiff has not moved to amend her Complaint on the eve of trial, nor has discovery taken place which would not otherwise have occurred. In fact, no

depositions have been taken in this case, though Plaintiff has filed many deposition notices [Docs. ## 32, 33, 34, 35, 65, 66, 67], and the discovery that has occurred will be applicable to Plaintiff's individual capacity claims so no unnecessary discovery has occurred. Moreover, it is in the interest of justice to reach the merits of this case.

While there is no undue prejudice to Defendant, the Court does recognize that granting Plaintiff's Motion to Amend the Complaint will moot Defendant's Motion for Summary Judgment, at least in its current form. Had the Plaintiff filed her Motion to Amend by the deadline, Defendant would not be in the position of having to file a new summary judgment motion based on Plaintiff's Amended Complaint. Therefore, the Court orders Plaintiff Wilhoite to pay the reasonable attorneys fees incurred by Defendant for briefing its original Motion for Summary Judgment.

### III. Conclusion

Accordingly, it is hereby ORDERED that Plaintiff Wilhoite's Motion to Amend Complaint [Doc. # 58] is GRANTED, Defendant's Motion for Summary Judgment [Doc. # 49] is DENIED as moot, Plaintiff shall pay reasonable attorneys fees for Defendant's briefing of its Motion for Summary Judgment. Absent order of the Court, payment shall be made within thirty days of receipt of Defendant's statement concerning hours expended and hourly value of its services.

                                           s/ Nanette K. Laughrey
                                           NANETTE K. LAUGHREY
                                           United States District Judge

Dated: April 26, 2011
Jefferson City, Missouri