# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

**RAMONA DENISE WILHOITE,**
individually and on behalf of all others
similarly situated,

                      Plaintiffs,

vs.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, by and through its director, Ronald J. Levy, et al.,**

                      Defendants,

**RENÉ DAMPIER, et al.,**

                      Intervenors.

Case No. 2:10-CV-03026

Report and Recommendation for Approval of Settlement following mediation before retired Magistrate William A. Knox

## MEDIATION REPORT AND RECOMMENDATION OF
## RETIRED MAGISTRATE JUDGE WILLIAM A. KNOX

On February 6th, 2013, the Court entered a Notice of Mediation, referring this complex class action matter to the undersigned for Settlement Conference to be held February 19, 2013. See document # 198. Counsel for the plaintiff and intervenor plaintiffs (hereinafter plaintiffs) and counsel for defendants appeared for that Settlement Conference, and have now met, either in person or by video-conference, for a total of six (6) separate mediation sessions. Several of those sessions lasted multiple hours. The parties also exchanged multiple drafts of documents and written proposals in the interim periods between mediation sessions. Due to the diligent efforts of all involved, the parties have reached a proposed settlement of the litigation. As more fully discussed in the Joint Motion and Memorandum in Support of Approval of Class Action Settlement, being filed simultaneously herewith, I believe this settlement is fair, reasonable and adequate for the class members. I further believe that the amount being requested as payment of

class counsel's attorneys' fees and litigation costs, and the costs being paid by the state for the claims administration process, are fair, reasonable and adequate. I recommend the Court approve the class counsel attorneys' fees and litigation costs, and the costs for the claims administration as well.

This settlement contemplates a process, following notice to class members, allowing class members to submit claim forms for a refund of a portion of the money paid by the class members to satisfy Medicaid liens asserted by the Missouri Department of Social Services. Those Medicaid liens were asserted against third party settlements paid to the class members. The claims process has multiple subclass designations depending on the amount of the claim for refund being asserted. The proposed minimum refund payment made to class members is $50.00. In some instances, class members who paid less than $50.00 to the Department of Social Services to satisfy the Medicaid liens will be eligible to submit a refund for $50.00. The claims process also includes a "claims determination process" designed to allow certain class members the opportunity to submit documentation supporting claims for greater refunds. It is estimated by the parties that the maximum benefit to the all class members is not likely to exceed fifteen million five hundred fourteen thousand, four hundred and eighty three dollars (**$15,514,483**).

The undersigned worked with the parties to reach a fair, reasonable and adequate payment of class counsels' attorneys' fees and reasonable litigation costs, and for payment to class counsel for their roles as the claims administrator for the claims administration process. It is acknowledged that this Court previously awarded plaintiffs' counsels fees incurred through August 2012 in prosecuting this case through three (3) summary judgment motions. See document # 182. The attorneys' fees amount agreed to in this settlement includes the fees previously incurred and awarded by the Court; the attorneys fees incurred after the award by the

Court; and the attorneys' fees and expenses reasonably anticipated through the claims administration process. It should be noted that the attorneys fees and the costs for claims administration were negotiated and resolved only after the class claims were finalized, and that the amount being recommended for attorneys fees and claims administration costs do not, in any way, reduce the class recovery.

In reaching my conclusion that the amount being sought for attorneys fees, litigation costs and for the claims administration costs totaling $780,000 is fair, reasonable and adequate, I note that using the "percentage of the benefit" method to measure and evaluate the reasonableness of the attorneys fees and claims administration costs in this common-fund case, total amount being requested for approval represents approximately 5% of the estimated maximum common fund, and that this amount is significantly less than common fund percentages routinely approved by Districts, which range from 26 to 36 %. ***In re U.S. Bancorp. Litig.***, 291 F.3d 1035, 1038 (8th Cir. 2002). Moreover, the length (complaint filed Jan. 2010; see document 1) and complexity of this litigation with its associated risks, weigh favorably in my recommendation that the amount of attorneys fees, litigation costs and costs for claims administration are fair, reasonable and adequate.

DATED: June 7, 2013        /s/ *William A. Knox*
                           Magistrate Judge William A. Knox