IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RAMONA DENISE WILHOITE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:10-CV-03026-NKL |
| v. | ) ) | |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, by and through its director, Ronald J. Levy, | ) ) ) ) | |
| Defendant. | ) ) | |
| RENÉ DAMPIER, et al., | ) ) | |
| Intervenors. | ) | |

**ORDER APPROVING SETTLEMENT**

Before the Court are the parties' Joint Motion for Approval of Class Action Settlement and Payment of Attorney's Fees, Reasonable Litigation Costs and Expenses, and Payment of Claims Administration Costs, [Doc. # 211], and the Report and Recommendation for Approval of Settlement of Magistrate Judge William A. Knox, [Doc. # 212]. Having fully and carefully reviewed the proposed Settlement Agreement as well as the recommendation of Judge Knox, who presided over the mediation in this case, the Court finds that the Settlement Agreement represents a fair, reasonable, and adequate resolution of a bona fide dispute. Furthermore, subject to any objections by class members, the Court finds that the Settlement Agreement is in the best interest of the

1

Class Members, in light of the merits of the case, the substantial benefits accruing to the Class, Defendant's financial condition, the significant discovery and investigation conducted by Class Counsel prior to the proposed settlement, and the complexity, risk, expense and possible length of time of continued litigation.

In connection with the Settlement Agreement, however, Defendant asks the Court to review a revised lien letter and make a formal judicial finding that it complies with the Federal Anti-Lien Statute. Such a finding would constitute an advisory opinion and is therefore prohibited by Article III of the Constitution. *See Pub. Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005). Accordingly, the Court cannot grant Defendant's request for approval of the revised lien letter.

In addition, in paragraph 2(e) of the proposed Settlement Agreement, the parties stipulate that any disputes arising under this paragraph shall be resolved by Magistrate Judge Knox. Although the Court will make every effort to refer such disputes to Judge Knox, the Court ultimately retains jurisdiction over the enforcement of the entire Settlement Agreement and process.

For the foregoing reasons, it is hereby ORDERED that:

1. The Joint Motion for Approval of Class Action Settlement and Payment of Attorneys' Fees, Reasonable Litigation Costs and Expenses, and Payment of Claims Administration Costs, [Doc. # 211], is GRANTED in part and DENIED in part and the Report and Recommendation of Magistrate Judge Knox, [Doc. # 212], is APPROVED consistent with this Order, subject to objections by class members. The Settlement

2

Agreement and incorporated exhibits (attached as Exhibit 1 to the Joint Motion for Approval of Class Action Settlement [Doc. # 211-1]) are APPROVED, consistent with this Order, subject to objections by class members.

2. Accordingly, the parties' joint request to decertify the two classes previously certified in this matter and to certify a single, settlement class, [Doc. # 211], is GRANTED. The two prior classes are hereby ORDERED decertified and a new class is certified as follows:

> Missouri citizens who have received Medicaid benefits and who had liens asserted and monies taken by Defendants out of their third-party civil settlements or judgments where Defendants identified the Medicaid recipients' claims between February 10, 2005 and July 1, 2010, except for: (1) those cases where payments to the Missouri Department of Social Services were payments received from the assets remaining in an individual's Special Needs Trust upon that individual's death pursuant to 42 U.S.C. § 1396p(d)(4)(A); (2) cases where the payments were adjudicated in a hearing under Mo. Rev. Stat. § 208.215.9 where the amount of payment was judicially determined; and (3) cases where the underlying claims were made against the federally-administered National Vaccine Injury Compensation Program under 42 U.S.C. § 300aa.

Current Class Counsel, attorneys Craig R. Heidemann and Nathan A. Duncan, are appointed as Class Counsel for the settlement class. Notice to Class Members will be provided in the manner and form proposed in the Settlement Agreement. This notice will provide each Class Member the opportunity to opt-out of both the Class and the proposed Settlement Agreement.

3. Moreover, the formula and method for distribution of settlement payments set forth in the Settlement Agreement, including the notice and claim forms, are APPROVED, subject to objection by class members, as a fair, equitable, and reasonable

3

Case 2:10-cv-03026-NKL   Document 213   Filed 07/11/13   Page 3 of 4

means of distributing the settlement payments to the Class Members.  In addition, the attorneys' fees and costs, service awards, and payments for administration of the settlement fund as set forth in the Settlement Agreement are APPROVED, subject to objections by class members.  Defendants are hereby ORDERED to pay the Class Members and Class Counsel in accordance with and subject to the terms of the Settlement Agreement.

4. In addition, pursuant to Federal Rule of Civil Procedure 23(e)(2), a hearing will be held regarding the proposed Settlement Agreement on September 9, 2013 at 4:00 p.m. in the United States District Court for the Western District of Missouri, 80 Lafayette Street, Jefferson City, Missouri 65101, during which the Court will hear any objections to the proposed Settlement Agreement.

SO ORDERED:

                    s/ Nanette K. Laughrey
                    NANETTE K. LAUGHREY
                    United States District Judge

Dated:  July 11, 2013
Jefferson City, Missouri